IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FLOYD E. MCNEAL,

    Plaintiff,

v.

TERICA HENRY, CORRIE L. WRIGHT, and
VALEO BEHAVIORAL HEALTH CARE,

    Defendants.

Case No. 17-cv-04008-DDC-KGS

## MEMORANDUM AND ORDER

On January 25, 2017, pro se plaintiff Floyd McNeal filed a Complaint, asserting causes of action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] 42 U.S.C. § 1983, section 11301 of the Homeless Assistance Act, 42 U.S.C. § 11301 *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* Doc. 1. Plaintiff asserts these claims against defendants Terica Henry, Corrie Wright, and Valeo Behavioral Health Care ("Valeo").

On March 8, 2017, Valeo filed a Motion to Dismiss plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. 12. Plaintiff did not respond to this Motion, and the time for doing so has passed. *See* D. Kan. R. 6.1(d)(2). So, consistent with D. Kan. Rule 7.4(b), the court "will consider and decide the motion as an uncontested motion." In these circumstances, the court ordinarily "will grant the motion without further notice." D. Kan. Rule 7.4(b). Although the court could grant Valeo's motion to dismiss under Rule 7.4(b) without further discussion, it rules on the motion based on its merits out of an abundance of caution.

---

[1] Causes of action brought under this case are known as *Bivens* actions. *Bivens* actions are "the federal analog to § 1983 suits against state officials." *Soto-Torres v. Fraticelli*, 654 F.3d 153, 158 (1st Cir. 2011).

1

*E.g.*, *Gee v. Towers*, No. 16-2407, 2016 WL 4733854, at *1 (D. Kan. Sept. 12, 2016) (dismissing complaint under Rule 7.4(b), but also considering motion to dismiss on its merits).

### Background

Because Valeo brings this motion under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), these facts are taken from plaintiff's Complaint. *See S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014); *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

In January 2017, Valeo staff members evaluated plaintiff for homelessness and to determine whether he suffers from a severe and persistent mental health problem. Plaintiff alleges that the Valeo staff member conducting his evaluation "refused to consider [his] complete medical history and [his] input." Doc. 1 at 4. After the evaluation, the Valeo staff member concluded that he should not be classified as "SPMI," which stands for severe and persistent mental illness. *Id.* Plaintiff alleges that Valeo misdiagnosed him and, as a consequence, he was unable "to receive the help of shelter plus care or rapid rehousing," which is "a federally funded program under the continuum of care mandates." *Id.*

Plaintiff alleges that while he was at Valeo for evaluation he saw "other people who were similarly situated to [him] regarding the[ir] disabilities but" were diagnosed as SPMI "and given the full benefits of treatment as well as a referral for housing through the shelter Plus Care program." *Id.* Defendant Corrie Wright administered this program for the City of Topeka, Kansas. And, all the similarly situated people plaintiff mentions were women.

When plaintiff tried to apply for rapid rehousing, Ms. Wright refused him service. Plaintiff alleges that he was "not even allow[ed] to fill out an application" for rapid rehousing. Plaintiff then applied for shelter plus care, but that too was denied. Plaintiff alleges that Ms. Wright "has given housing vouchers to women who are homeless but not disabled and [to]

2

women who are disabled but not homeless but no[t] to [him]" even though he is "similarly situated to these women." *Id.* at 5.

After Ms. Wright denied plaintiff's various applications, he contacted the United States Department of Housing and Urban Development ("HUD") for assistance. Defendant Terica Henry, a HUD employee, spoke with plaintiff but refused to help him when he explained his plight and told her that he "would like to make a complaint against the [C]ity of Topeka" and Valeo. *Id.*

Plaintiff filed his Complaint in this court on January 25, 2017. In his Complaint, plaintiff alleges a plethora of claims against the three defendants named in the Complaint, as well as entities the Complaint does not name as defendants. He alleges that all three defendants—Ms. Henry, Ms. Wright, and Valeo—discriminated against him on the basis of gender and disability, violating his equal protection rights. He alleges that Valeo violated the ADA by not accommodating him and by treating him differently than the women he noticed while there for evaluation. He also alleges that Valeo violated the ADA by "refusing to reassess" him, "making a diagnosis without [him] signing a waiver," and because he "should have seen a doctor." *Id.* at 6. He alleges that the City of Topeka, Kansas,[2] violated his rights under the First and Fourteenth Amendments "to petition the government for redress and due process and equal protection." *Id.*

---
[2] Plaintiff has not sued the City of Topeka, Kansas, or HUD, though he alleges claims against them in the Complaint. If plaintiff intended to sue these two entities, his Complaint does not comply with Rule 10(a). Rule 10(a) requires a plaintiff to name all parties to the case in the "title" of his or her complaint. If a plaintiff fails to comply with Rule 10(a), the court may dismiss his complaint. *Butchard v. Cty. of Doña Ana*, 287 F.R.D. 666, 669 (D.N.M. 2012). Rather than dismiss the Complaint, however, the court simply holds that neither the City of Topeka, Kansas, nor HUD is a party to this case at this time and advises plaintiff that he may seek leave to file a complete amended complaint if he wishes to add either entity as a defendant. *See Johnson v. Johnson*, 466 F.3d 1213, 1215 (10th Cir. 2006) (ordering the district court to give a pro se plaintiff "an appropriate opportunity to amend his complaint to name the proper defendants" (citation omitted)); *Reid v. Okla. Pardon & Parole Bd.*, 67 F. App'x 515, 517 (10th Cir. 2003) (affirming district court order finding that no action was pending against defendants not named in the complaint); *Gerlt v. United States*, No. 12-3195-SAC, 2014 WL 554689, at *3 (D. Kan. Feb. 12, 2014) ("[T]his action does not proceed against individuals who are not named as defendants in the caption. . . . Plaintiff may name additional defendants only by filing a complete Amended Complaint in which they are correctly designated."); *Bailey v. Ash*, No. 13-3191-SAC, 2013 WL 6669098, at *2 (D. Kan. Dec. 18, 2013) ("Anyone not named in the caption will not be treated as a defendant.").

And, plaintiff alleges that HUD violated his Fifth Amendment due process rights as well as his equal protection rights. The Complaint also mentions § 11301 of the Homeless Assistance Act, but does not link that statute to any of the named defendants, or to HUD or the City of Topeka.

Plaintiff's Complaint seeks the following relief: "a declaratory judgment against all defendants as to all regarding my true diagnosis [and] proper treatment," $50,000 in damages against each defendant in her personal capacity, and "an emergency injunction to rapidly rehouse [him] by law." *Id.* at 7.

## Analysis

Valeo brings its motion to dismiss under Rules 12(b)(1) and 12(b)(6). Valeo first argues that the court must dismiss plaintiff's ADA claim against it under Rule 12(b)(6) for failure to state a claim. Then, Valeo argues that the court must dismiss the rest of plaintiff's claims under Rule 12(b)(1) because plaintiff's "ADA [claim] is the only federal claim alleged against Valeo," and so the court lacks subject matter jurisdiction over the rest of plaintiff's Complaint if it dismisses that claim. Doc. 12 at 3. Valeo's Rule 12(b)(1) argument overlooks several claims. Plaintiff alleges three federal claims against Valeo, and no state law claims. Those federal claims are: (1) discrimination prohibited by the ADA; (2) an equal protection clause violation; and (3) that Valeo's actions violated 42 U.S.C. § 11301. So, even if Valeo's Rule 12(b)(6) motion succeeds and the court dismisses plaintiff's ADA claim, two federal claims remain pending against Valeo. The court thus denies Valeo's motion under Rule 12(b)(1) and turns to consider Valeo's Rule 12(b)(6) motion under the following legal standard.

**I.     Rule 12(b)(6) Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this

4

Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

On a motion to dismiss like this one, the court assumes that a complaint's factual allegations are true, but need not accept mere legal conclusions as true. *Id.* at 1263. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to state a claim for relief. *Iqbal*, 556 U.S. at 678. However, because plaintiff proceeds pro se, the court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not act as plaintiff's advocate. *Id.* Nor does plaintiff's pro se status excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

**II.     Valeo's Motion to Dismiss**

Valeo contends that plaintiff's Complaint fails to state a claim under the ADA. The court agrees.

Plaintiff never alleges which title of the ADA his Complaint relies on. There are five. Title I protects disabled individuals from discrimination in employment. 42 U.S.C. § 12112. Title II protects disabled individuals from discrimination by public entities. *Id.* § 12132. Title III protects disabled individuals from discrimination by public accommodations. *Id.* § 12182. Title IV requires companies that provide telecommunications services to accommodate individuals with hearing disabilities. 47 U.S.C. § 225. And Title V prohibits interfering with an individual's attempt to exercise their rights under the ADA or retaliating against individuals with disabilities who assert their rights under the ADA. 42 U.S.C. § 12203.

Plaintiff never alleges that Valeo was his employer or that Valeo failed to accommodate a hearing disability. Likewise, he never alleges that Valeo interefered with his ability to pursue his rights under the ADA or that Valeo retaliated against him for asserting his rights under the ADA. Plaintiff thus does not allege claims under Titles I, IV, or V. The Complaint's allegations, however, suggest that plaintiff meant to allege claims under Titles II and III. The next two sections analyze his allegations under those theories.

    **A.     Title II Claim**

"Only public entities are subject to Title II" of the ADA. *City & Cty. of S.F. v. Sheehan*, 135 S. Ct. 1765, 1773 (2015) (citing *Pa. Dep't of Corrs. v. Yeskey*, 524 U.S. 206, 208 (1998)); 42 U.S.C. §§ 12131(1), 12132. So, plaintiffs may allege Title II claims only against programs and services operated by public entities. *See Smith v. Glanz,* 662 F. App'x 595, 597 (10th Cir. 2016) (dismissing complaint for failure to state a claim because a public employee is not subject to suit

under Title II of the ADA, only public entities are). Title II defines a "public entity" as "any State or local government; any department, agency, special purpose district, or other instrumentality of a State or States or local government; and the National Railroad Passenger Corporation, and any commuter authority." 42 U.S.C. § 12131(1).

Plaintiff never alleges that Valeo is a public entity, and he never alleges any facts about Valeo that could support an inference that it is a public entity. Plaintiff's Complaint thus does not state a claim under Title II of the ADA. *Cf. Riggs v. CUNA Mut. Ins. Soc'y*, 171 F. Supp. 2d 1210, 1214–15 (D. Kan. 2001) (dismissing Title II claim for failure to state a claim because complaint did not allege that the defendant was a public entity). The court dismisses plaintiff's Title II claim.

### B. Title III Claim

To state a claim under Title III, plaintiff must allege facts supporting the following four elements: (1) he is disabled; (2) Valeo operates a public accommodation; (3) he is qualified for participation in the public accommodation's program or program benefits; and (4) Valeo discriminated against him by denying him the opportunity to participate in or utilize its programs or services, by providing him a participation opportunity unequal to that afforded non-disabled individuals, or by using eligibility criteria for program benefits that screens out or tends to screen out the disabled from fully enjoying the program. *See* 42 U.S.C. § 12182(a)–(b); *Shepherd v. U.S. Olympic Comm.*, 464 F. Supp. 2d 1072, 1090 (D. Colo. 2006). The court assumes, without deciding, that plaintiff has alleged facts sufficient to support the first two elements, but questions whether he has supported the final two.

The Complaint never alleges that Valeo denied him equal access to its programs or services, used discriminatory eligibility criteria, or afforded him unequal participation

7

opportunities. Instead, the Complaint alleges that Valeo violated Tile III by misdiagnosing him, refusing to reassess him, and diagnosing other people as SPMI that were similarly situated to plaintiff but not diagnosing plaintiff as SPMI. The Complaint also alleges that, as a consequence of Valeo's action, plaintiff was unable to access federally funded programs administered by a separate entity. These allegations do not align with typical ADA claims, and without the benefit of a response by plaintiff, the court only can provide its best guess about what he attempts to assert. Reading all of these allegations together, the court understands plaintiff to claim that Valeo staff committed medical malpractice by misdiagnosing him, and that this medical malpractice prevented him from accessing federal benefits.

This understanding of the Complaint presents two questions: (1) Can medical malpractice provide the basis for a claim under the ADA?; and (2) Can a public accommodation be liable under Title II or III or the ADA when its actions prevent a disabled individual from receiving services or benefits from a public entity? Medical malpractice, alone, does not provide the basis for a claim under the ADA. *See Fitzgerald v. Corrs. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005) (holding that "purely medical decisions . . . do not ordinarily fall within the scope of the ADA"); *see also Moore v. Prison Health Servs., Inc.*, 201 F.3d 448, 1999 WL 1079848, at *1 (10th Cir. Dec. 1, 1999) (dismissing ADA claim and holding that the ADA "afford[s] disabled persons legal rights regarding access to programs and activities enjoyed by all, not a general federal cause of action for challenging the medical treatment of their underlying disabilities" (citations omitted)); *Edmisten v. Kansas*, No. 08-3091-SAC, 2008 WL 4540460, at *5 (D. Kan. Oct. 9, 2008) ("Mr. Edmisten's claim under the ADA is nothing more than a challenge to his medical care and therefore fails to state a claim for relief under the ADA."). Plaintiff's Complaint does not state a claim for relief under Title III. So, the court need not reach

the question whether a public accommodation's actions that prevent a disabled individual from receiving services or benefits from a public entity can violate Title II or III of the ADA.

Because plaintiff's Complaint fails to state a claim for relief under the ADA, the court grants Valeo's Rule 12(b)(6) motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Valeo Behavioral Health Care's Motion to Dismiss (Doc. 12) is granted in part. The court grants Valeo Behavioral Health Care's motion to dismiss plaintiff's ADA claim against it under Rule 12(b)(6). But the court denies Valeo Behavioral Health Care's Rule 12(b)(1) motion.

**IT IS SO ORDERED.**

**Dated this 30th day of May, 2017, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**