IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FLOYD E. MCNEAL,

      Plaintiff,

v.

TERICA HENRY, CORRIE L. WRIGHT, and
VALEO BEHAVIORAL HEALTH CARE,

      Defendants.

Case No. 17-cv-04008-DDC-KGS

## MEMORANDUM AND ORDER

On January 25, 2017, pro se plaintiff Floyd McNeal filed a Complaint asserting causes of action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] 42 U.S.C. § 1983, section 11301 of the Homeless Assistance Act, 42 U.S.C. § 11301 *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* Doc. 1. Plaintiff asserts these claims against defendants Treka Henry,[2] Corrie Wright, and Valeo Behavioral Health Care ("Valeo").

On May 11, 2017, Treka Henry filed a Motion to Dismiss plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. 13. Plaintiff did not respond to this Motion, and the time for doing so has passed. *See* D. Kan. R. 6.1(d)(2). So, consistent with D. Kan. Rule 7.4(b), the court "will consider and decide the motion as an uncontested motion." In these circumstances, the court ordinarily "will grant the motion without further notice." D. Kan. Rule 7.4(b). Although the court could grant Ms. Henry's motion to dismiss under Rule 7.4(b) without further discussion, it also rules the motion on its merits out of an abundance of

---

[1] Causes of action brought under this theory are commonly called *Bivens* actions. *Bivens* actions are "the federal analog[ue] to § 1983 suits against state officials." *Soto-Torres v. Fraticelli*, 654 F.3d 153, 158 (1st Cir. 2011).

[2] Plaintiff's Complaint lists Ms. Henry's first name as "Terica," when, in reality, her first name is "Treka." Doc. 14.

caution.  *E.g.*, *Gee v. Towers*, No. 16-2407, 2016 WL 4733854, at *1 (D. Kan. Sept. 12, 2016)

(dismissing complaint under Rule 7.4(b), but also considering motion to dismiss on its merits).

<u>**Background**</u>

Because Ms. Henry brings this motion under Federal Rules of Civil Procedure 12(b)(1)

and 12(b)(6), these facts are taken from plaintiff's Complaint and accepted as true.  *See S.E.C. v.*

*Shields*, 744 F.3d 633, 640 (10th Cir. 2014); *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir.

1995).

In January 2017, Valeo staff members evaluated plaintiff for homelessness and to

determine whether he suffers from a severe and persistent mental health problem.  Plaintiff

alleges that the Valeo staff member conducting his evaluation "refused to consider [his]

complete medical history and [his] input."  Doc. 1 at 4.  After the evaluation, the Valeo staff

member concluded that plaintiff should not be classified as "SPMI," which stands for severe and

persistent mental illness.  *Id.*  Plaintiff alleges that Valeo misdiagnosed him and, as a

consequence, he was unable "to receive the help of shelter plus care or rapid rehousing," which

is "a federally funded program under the continuum of care mandates."  *Id.*

Plaintiff alleges that while he was at Valeo for evaluation he saw "other people who were

similarly situated to [him] regarding the[ir] disabilities but" were diagnosed as SPMI "and given

the full benefits of treatment as well as a referral for housing through the shelter Plus Care

program."  *Id.*  Defendant Corrie Wright administered this program for the City of Topeka,

Kansas.  All the similarly situated people plaintiff mentions were women.

When plaintiff tried to apply for rapid rehousing, Ms. Wright refused him service.

Plaintiff then applied for shelter plus care, but this application also was denied.  Plaintiff alleges

that Ms. Wright "has given housing vouchers to women who are homeless but not disabled and

[to] women who are disabled but not homeless but no[t] to [him]" even though he is "similarly situated to these women." *Id.* at 5.

After Ms. Wright denied plaintiff's various applications, he contacted the United States Department of Housing and Urban Development ("HUD") for assistance. Defendant Treka Henry, a HUD employee, spoke with plaintiff but refused to help him when he explained his plight and told her that he "would like to make a complaint against the [C]ity of Topeka" and Valeo. *Id.*

Plaintiff filed his Complaint in our court on January 25, 2017. Plaintiff's Complaint alleges a plethora of claims against the three defendants it names, as well as entities the Complaint does not name as defendants. He alleges that all three defendants—Ms. Henry, Ms. Wright, and Valeo—discriminated against him on the basis of gender and disability, violating his equal protection rights. He alleges that Valeo violated the ADA by not accommodating him and by treating him differently than the women he noticed while there for evaluation. He also alleges that Valeo violated the ADA by "refusing to reassess" him, "making a diagnosis without [him] signing a waiver," and because he "should have seen a doctor." *Id.* at 6. He alleges that the City of Topeka, Kansas,[3] violated his rights under the First and Fourteenth Amendments "to petition the government for redress and due process and equal protection." *Id.* And, plaintiff alleges that

---

[3] Plaintiff has not sued the City of Topeka, Kansas, or HUD, though he asserts claims against them in the Complaint. If plaintiff intended to sue these two entities, his Complaint does not comply with Rule 10(a). Rule 10(a) requires a plaintiff to name all parties to the case in the "title" of his or her complaint. If a plaintiff fails to comply with Rule 10(a), the court may dismiss his complaint. *Butchard v. Cty. of Doña Ana*, 287 F.R.D. 666, 669 (D.N.M. 2012). Rather than dismiss the Complaint, however, the court simply holds that neither the City of Topeka, Kansas, nor HUD is a party to this case at this time and advises plaintiff that he may seek leave to file an amended complaint if he wishes to add either entity as a defendant. *See Johnson v. Johnson*, 466 F.3d 1213, 1215 (10th Cir. 2006) (ordering the district court to give a pro se plaintiff "an appropriate opportunity to amend his complaint to name the proper defendants" (citation omitted)); *Reid v. Okla. Pardon & Parole Bd.*, 67 F. App'x 515, 517 (10th Cir. 2003) (affirming district court order finding that no action was pending against defendants not named in the complaint); *Gerlt v. United States*, No. 12-3195-SAC, 2014 WL 554689, at *3 (D. Kan. Feb. 12, 2014) ("[T]his action does not proceed against individuals who are not named as defendants in the caption. . . . Plaintiff may name additional defendants only by filing a complete Amended Complaint in which they are correctly designated."); *Bailey v. Ash*, No. 13-3191-SAC, 2013 WL 6669098, at *2 (D. Kan. Dec. 18, 2013) ("Anyone not named in the caption will not be treated as a defendant.").

HUD violated his Fifth Amendment due process rights as well as his equal protection rights. The Complaint also mentions § 11301 of the Homeless Assistance Act, but does not link that statute to any of the named defendants, or to HUD or the City of Topeka.

Plaintiff's Complaint seeks the following relief: "a declaratory judgment against all defendants as to all regarding my true diagnosis [and] proper treatment," $50,000 in damages against each defendant in her personal capacity, and "an emergency injunction to rapidly rehouse [him] by law." *Id.* at 7.

## Analysis

Ms. Henry brings her motion under Rules 12(b)(1) and (b)(6). She relies on Rule 12(b)(1) to the extent that the court could construe plaintiff's Complaint to allege claims against her employer, HUD, or against her in her official capacity. Doc. 14 at 7. Despite Ms. Henry's thoroughness, the court construes plaintiff's Complaint as one alleging only individual capacity, equal protection claims against her. *See* Doc. 1 at 2, 6 (stating that plaintiff is suing Ms. Henry in her personal capacity for gender and disability discrimination); *see also supra* note 3. Ms. Henry's Rule 12(b)(1) motion is moot. The court now turns to her Rule 12(b)(6) motion under the following legal standard.

## I.      Rule 12(b)(6) Legal Standard

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

4

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

On a motion to dismiss like this one, the court assumes that a complaint's factual allegations are true, but need not accept mere legal conclusions as true. *Id.* at 1263. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to state a claim for relief. *Iqbal*, 556 U.S. at 678. However, because plaintiff proceeds pro se, the court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not act as plaintiff's advocate. *Id.* Nor does plaintiff's pro se status excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## II.     Ms. Henry's Motion to Dismiss

Ms. Henry asks the court to dismiss plaintiff's § 1983 and *Bivens* claims against her in her individual capacity because they fail to state a claim for relief. The court agrees.

### A.     Plaintiff's § 1983 Claim

Section 1983 applies only to officials acting under color of state law, not federal law. *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 869 (10th Cir. 2016). Plaintiff alleges

that Ms. Henry is a federal employee and alleges no facts showing that she acted under state law at any time relevant to his Complaint. The Complaint thus fails to state a claim against Ms. Henry under § 1983.

### B.    Plaintiff's *Bivens* Claim

Plaintiff also fails to state a *Bivens* claim against Ms. Henry. Federal "officials enjoy 'qualified immunity in civil actions that are brought against them in their individual capacities and that arise out of the performance of their duties.'" *Big Cats*, 843 F.3d at 864 (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1227 (10th Cir. 2013)). Here, plaintiff sues Ms. Henry for actions she took while performing her duties for HUD. She thus is entitled to qualified immunity. To nullify her qualified immunity, plaintiff must show that: (1) Ms. Henry violated plaintiff's constitutional rights; and "(2) these rights were clearly established at the time of the alleged violation." *Id.* (citation omitted). The court may consider either of these questions first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

No matter which question the court considers, however, a *Bivens* complaint must "make clear exactly who is alleged to have done what to whom." *Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir. 2011) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)); *see also Pahls*, 718 F.3d at 1225 ("[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 or *Bivens* claim." (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998))). Lumping one defendant in with a group of others is not sufficient—the complaint must "isolate the allegedly unconstitutional acts" of each defendant. *Montoya*, 662 F.3d at 1165 (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). "When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that

his rights "were violated" will not suffice.  Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that "defendants" infringed his rights."  *Pahls*, 718 F.3d at 1225–26 (citing *Tonkovich*, 159 F.3d at 532–33).

Here, plaintiff alleges that he was denied "the full benefits of treatment by the above defendants on the basis of discrimination regarding, (A) Gender. (B) Disability."  Doc. 1 at 6. But plaintiff never identifies any action by Ms. Henry that, he contends, violated his rights in this way.  Plaintiff only alleges that Ms. Henry "refused to help" him when he called HUD and "told her [he] was sleeping on the streets . . . and would like to make a complaint against" the City of Topeka, Kansas, and Valeo.  *Id.* at 5.  So, the Complaint does not isolate Ms. Henry's allegedly unconstitutional acts and instead alleges only that all defendants discriminated against plaintiff. Also, Ms. Henry's refusal to investigate plaintiff's complaints does not "suggest a violation of any of his constitutional rights cognizable as a *Bivens* claim."  *Faccio v. U.S. Dept. of Hous. & Urban Dev.*, 442 F. App'x 599, 600 (2d Cir. 2011); *see also Hunt v. Delvecchio*, No. 5:10-CV-686 (DNH/ATB), 2010 WL 2948573, at *5–6 (S.D.N.Y. July 1, 2010) (dismissing claims against HUD employees because the plaintiff had "neither a right enforceable by statute nor a right under the constitution to a particular investigation"), *adopted by* No. 5:10-CV-686, 2010 WL 2948148 (N.D.N.Y. July 22, 2010).  The Complaint thus fails to state a *Bivens* claim against Ms. Henry.

### C.    Conclusion

Because the Complaint fails to allege facts sufficient to state a § 1983 or *Bivens* claim against Ms. Henry, the court grants her motion to dismiss under Rule 12(b)(6).

**IT IS THEREFORE ORDERED THAT** defendant Terica Henry's Motion to Dismiss (Doc. 13) is granted.

**IT IS SO ORDERED.**

**Dated this 18th day of July, 2017, at Topeka, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**