# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

FLOYD E. MCNEAL,

    Plaintiff,

v.

CORRIE L. WRIGHT, and
VALEO BEHAVIORAL HEALTH CARE,

    Defendants.

Case No. 17-cv-04008-DDC-KGS

## MEMORANDUM AND ORDER

On May 30, 2017, the court granted defendant Valeo Behavioral Health Care's ("Valeo") motion to dismiss plaintiff's ADA claims. Doc. 16. In its Order dismissing those claims, the court noted that Valeo had not moved to dismiss plaintiff's equal protection and Homeless Assistance Act, 42 U.S.C. § 11301 *et seq.*, claims, and so those claims remained pending against Valeo. *Id.* at 4. Valeo disagrees with the court's evaluation of plaintiff's Complaint. So, on June 13, 2017, Valeo filed a document containing two motions: (1) a motion asking the court to reconsider its May 30, 2017 Order and (2) a motion to dismiss plaintiff's remaining federal claims if the court denies its motion to reconsider. Doc. 18.

Plaintiff did not respond to Valeo's motions, and the time for doing so has passed. *See* D. Kan. Rule 6.1(d)(2). Consistent with D. Kan. Rule 7.4(b), the court "will consider and decide the motion as an uncontested motion." In these circumstances, the court ordinarily "will grant the motion without further notice." D. Kan. Rule 7.4(b). Although the court could grant Valeo's motion to dismiss under Rule 7.4(b) without further discussion, it also rules on the motion based on its merits out of an abundance of caution. *E.g.*, *Gee v. Towers*, No. 16-2407, 2016 WL 4733854, at *1 (D. Kan. Sept. 12, 2016) (dismissing complaint under D. Kan. Rule 7.4(b), but

also considering motion to dismiss on its merits). For reasons explained below, the court denies Valeo's motion to reconsider but grants Valeo's motion to dismiss plaintiff's equal protection and Homeless Assistance Act claims.

**Background**

The court has addressed plaintiff's allegations in this case before. Docs. 16, 19. The court thus recites only those allegations necessary to decide the current motions. And, because Valeo brings one of its motions under Federal Rule of Civil Procedure 12(b)(6), the court has taken the following facts from plaintiff's Complaint and accepts them as true. *See S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014).

In January 2017, Valeo staff members evaluated plaintiff for homelessness and to determine whether he suffers from a severe and persistent mental health problem. Plaintiff alleges that the Valeo staff member conducting his evaluation "refused to consider [his] complete medical history and [his] input." Doc. 1 at 4. After the evaluation, the Valeo staff member concluded that he should not be classified as "SPMI," which stands for severe and persistent mental illness. *Id.* Plaintiff alleges that Valeo misdiagnosed him and he thus was unable "to receive the help of shelter plus care or rapid rehousing," which is "a federally funded program under the continuum of care mandates." *Id.*

Plaintiff alleges that while he was at Valeo for evaluation he saw "other people who were similarly situated to [him] regarding the[ir] disabilities but" were diagnosed as SPMI "and given the full benefits of treatment as well as a referral for housing through the shelter Plus Care program." *Id.* All of these similarly situated people were women.

Plaintiff filed his Complaint in our court on January 25, 2017. The Complaint asserts claims under 42 U.S.C. § 1983 against all three defendants—Terica Henry,[1] Corrie Wright, and Valeo—for gender and disability discrimination. The Complaint also mentions § 11301 of the Homeless Assistance Act, but does not explicitly connect that statute to any defendant. And finally, the Complaint asserted ADA claims against Valeo. The court dismissed those claims on May 30, 2017. Doc. 16.

## Analysis

### I. Motion to Reconsider

Although Valeo's motion to reconsider never identifies the legal authority it relies on, the court assumes that the motion relies on D. Kan. Rule 7.3(a). D. Kan. Rule 7.3(a) provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to" Federal Rules of Civil Procedure 59(e) or 60. Rules 59(e) and 60 apply only after a court enters judgment. But not all dispositive orders require the court to enter judgment. So, "[n]either the Federal Rules of Civil Procedure nor this court's local rules recognize a motion for reconsideration when it contemplates a dispositive order" before judgment is entered, which is exactly what Valeo's motion to reconsider contemplates. *Ferluga v. Eickhoff*, 236 F.R.D. 546, 548–49 (D. Kan. 2006) (citing *Nyhard v. U.A.W. Int'l*, 174 F. Supp. 2d 1214, 1216 (D. Kan. 2001)). Our court has faced this conundrum before. In such situations, the court has relied on its "discretion to revise an interlocutory order at any time prior to the entry of final judgment" and has treated the motion as one for reconsideration. *Id.* at 549 (citations omitted). In doing so, the court applies "the legal standards applicable to a Rule 59(e) motion to alter or amend and/or a motion to reconsider a non-dispositive order under D. Kan. Rule 7.3, which are essentially identical." *Id.*

---

[1] The court dismissed Ms. Henry from this case on July 18, 2017. Doc. 19.

D. Kan. Rule 7.3(b) requires a movant to base its motion for reconsideration on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." A motion to reconsider "is not [an] appropriate [device] to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Ferluga*, 236 F.R.D. at 549 (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). So, "a motion for reconsideration is appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* (citing *Servants of Paraclete*, 204 F.3d at 1012). "The decision whether to grant a motion to reconsider is committed to the district court's discretion." *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *In re Motor Fuel Temperature Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010), *appeal dismissed by* 641 F.3d 470 (10th Cir. 2011)); *accord Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). Here, Valeo contends that the court committed clear error and so, it contends, the court must reconsider its May 30, 2016 Order. Doc. 18 at 1. Valeo relies on no other D. Kan. Rule 7.3(b) factor.

In its May 30, 2016 Order, the court concluded that plaintiff's Complaint asserted three types of claims against Valeo: (1) equal protection claims under § 1983 asserting gender and disability discrimination; (2) claims under the ADA; and (3) a claim under § 11301 of the Homeless Assistance Act. Doc. 16 at 4. Valeo contends that plaintiff asserted only an ADA claim against it and that the court's construction of the Complaint was clear error. Valeo relies on two arguments to support this contention.

First, Valeo argues that the Complaint contains "no facts or allegations pertaining to Valeo to bring it within the scope of any of the jurisdictional statutes alleged"—*i.e.*, 42 U.S.C. §

1983 or 42 U.S.C. § 11301. Doc. 18 at 2. And second, Valeo argues that the Complaint's "actual factual and legal basis for relief alleged in the Statement of Claim is limited to claiming 'Valeo has violated my rights under the American with Disabilities Act for not accommodating me and treating me differently than the other women who are disabled and making a diagnosis without me signing a waiver [sic] I should have seen a doctor and refusing to reassess me.'" *Id.* (quoting Doc. 1 at 6). Neither argument is persuasive.

Valeo's first argument fails to distinguish between asserting a claim that is inadequate to withstand a motion to dismiss and not asserting a claim at all. Perhaps Valeo is correct when it asserts that plaintiff's Complaint alleges "no facts or allegations" sufficient to support his equal protection and Homeless Assistance Act claims. *Id.* But the absence of factual allegations to support a claim does not eliminate the claim's existence. Instead, it prevents the plaintiff from stating a claim and thus renders his complaint vulnerable to a Rule 12(b)(6) motion. Valeo's first argument is unpersuasive.

Valeo's second argument fails to read plaintiff's Complaint liberally, as is required by plaintiff's pro se status. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." (citations omitted)). The Complaint explicitly asserts that plaintiff has brought a claim under § 11301 of the Homeless Assistance Act and alleges that actions by Valeo's staff contributed to plaintiff's inability to access programs under that Act. *See* Doc. 1 at 4 (alleging that Valeo's evaluation prevented plaintiff from accessing federal programs under the Homeless Assistance Act). The Complaint also cites § 1983 and asserts that plaintiff "[is] alleging that [he is] being denied the full benefits of treatment by the above defendants on the basis of discrimination regarding (A), Gender. (B). Disability." Doc. 1 at 6.

5

The term "above defendants" includes Valeo. *Id.* Construing the Complaint liberally, as it must, the court concludes that the Complaint asserts equal protection[2] and Homeless Assistance Act claims against Valeo. So, Valeo's second argument is unpersuasive as well.

The court did not commit clear error when it concluded that the Complaint asserts equal protection and Homeless Assistance Act claims against Valeo. The court denies Valeo's motion to reconsider.

## II. Motion to Dismiss

Valeo next asks the court to dismiss plaintiff's equal protection and Homeless Assitance Act claims under Rule 12(b)(6). The court considers Valeo's request under the following governing standard.

### A. Rule 12(b)(6) Legal Standard

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that

---

[2] The court recognizes that one could construe plaintiff's allegations of discrimination as asserting claims under other statutes or theories. To be sure, without a response from plaintiff the court cannot discern with certainty that it has construed his Complaint correctly. But currently, the court has no reason to believe that its construction is inaccurate. The Complaint cites 42 U.S.C. § 1983, the ADA, and § 11301 of the Homeless Assistance Act, but cites no other statute. This fact, combined with the rest of the Complaint's allegations, leads the court to conclude that the Complaint intends to assert equal protection claims under § 1983 against Valeo, Ms. Henry, and Ms. Wright.

6

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

On a motion to dismiss like this one, the court assumes that a complaint's factual allegations are true, but need not accept mere legal conclusions as true. *Id.* at 1263. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to state a claim for relief. *Iqbal*, 556 U.S. at 678. However, because plaintiff proceeds pro se, the court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not act as plaintiff's advocate. *Id.* Nor does plaintiff's pro se status excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

B.  **Plaintiff's Equal Protection Claims**

Plaintiff's equal protection claim against Valeo fails to state a claim upon which relief could be granted. Section 1983 only applies to officials acting under color of state law. *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 869 (10th Cir. 2016); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) ("Because the [Fourteenth] Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'"). Still, a defendant need not be a state actor for a complaint to satisfy the state-action requirement. In our Circuit at least four tests exist that allow a plaintiff to plead state action against a non-state actor: (1) the public function test, *Jackson v. Metro. Edison Co.*, 419 U.S.

345, 352 (1974); (2) the symbiotic relationship test, *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 724–26 (1961); (3) the entwinement test, *Brentwood Acad. v. Tenn. Secondary Sch. Athl. Assoc.*, 531 U.S. 288, 296 (2001); and (4) the close nexus test, *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). *See Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (discussing various tests the Supreme Court has used to determine whether state action exists). Here, the Complaint alleges no facts showing that Valeo "exercise[s] . . . powers traditionally exclusively reserved to the State" and so alleges no facts supporting application of the first test. *Jackson*, 419 U.S. at 352 (citations omitted). And, the Complaint alleges no facts suggesting any relationship between Valeo and the State of Kansas, which forecloses application of the three remaining tests. *E.g.*, *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 173 (1972) ("Our holdings indicate that where the impetus for the discrimination is private, the State must have 'significantly involved itself with invidious discriminations,' in order for the discriminatory action to fall within the ambit of the constitutional prohibition." (citation omitted)). The Complaint thus alleges no facts that would satisfy any of these tests, and so it fails to state a plausible equal protection claim against Valeo.

### C. Plaintiff's Homeless Assistance Act Claim

Plaintiff's Homeless Assistance Act claim also fails to state a claim. In *Lampkin v. District of Columbia*, the District of Columbia Circuit held that a section of the Homeless Assistance Act aimed at educating homeless children—42 U.S.C. § 11432(e)(3)—created rights that are enforceable under 42 U.S.C. § 1983. 27 F.3d 605, 612 (D.C. Cir. 1994). Plaintiff's Complaint does not invoke this section of the Act, however. Instead, it invokes § 11301. The court can find no authority supporting a private cause of action under § 11301—either as an implied right of action or as a claim under § 1983. This is understandable. Section 11301 states

8

the purpose[3] of the Homeless Assistance Act and the findings that prompted Congress to enact it. So § 11301 is not a provision likely to create federal rights. Indeed, even after *Lampkin*, some courts have held that no section of the Act creates a private cause of action. *E.g.*, *Joseph v. Safehaven CEC*, No. 14-3940, 2016 WL 693293, at *6 n.7 (E.D. Pa. Feb. 22, 2016) ("To the extent that plaintiff again seeks to assert a claim that defendants violated the HEARTH Act, 42 U.S.C. § 11301, by discharging him from Safe Haven and not providing him with a referral to the HUD-VASH program, his claim must be dismissed. As the court explained in *Richardson v. City of N.Y.*, 'the HEARTH Act does not create enforceable individual rights.'" (quoting *Richardson v. City of N.Y.*, No. 12-2545, 2013 WL 2124176, at *3 (S.D.N.Y. Apr. 17, 2013))).

The court's research has revealed no Tenth Circuit case addressing § 11301's rights-creating power. But, based on the persuasive power of the cases discussed above, the court predicts that the Tenth Circuit would hold that § 11301 does not provide an implied right of action or support an action under § 1983. The court also bases its prediction on Supreme Court private-cause-of-action jurisprudence. In *Gonzaga University v. Doe*, the Supreme Court clarified what kind of federal statutes give rise to private causes of action: "[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." 536 U.S. 273, 286 (2002). Nothing in § 11301 indicates that Congress intended for that section to create new individual rights. So, under *Doe*, the court concludes that § 11301 provides no basis for an implied right of action or an action under § 1983. The Complaint thus fails to state a claim against Valeo under § 11301 of the Homeless Assistance Act.

---

[3] The Homeless Assistance Act's "aim is to transform surplus government property into facilities for the homeless," *Nat'l Law Ctr. on Homelessness & Poverty v. U.S. Dep't of Veterans Affairs*, 842 F. Supp. 2d 127, 129 (D.D.C. 2012) (citation omitted), and to "funds for programs to assist the homeless, with special emphasis on elderly persons, handicapped persons, families with children, Native Americans, and veterans," 42 U.S.C. § 11301(b)(3).

### D. Conclusion

For reasons explained above, the court grants Valeo's motion to dismiss plaintiff's equal protection and Homeless Assistance Act claims against it. Valeo is no longer a party to this case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Valeo Behavioral Health Care's Motion for Reconsideration or, Alternatively, Motion to Dismiss Remaining Federal Claims (Doc. 18) is granted in part and denied in part. The court denies Valeo Behavioral Health Care's motion for reconsideration but grants its motion to dismiss.

**IT IS SO ORDERED.**

**Dated this 1st day of August, 2017, at Topeka, Kansas.**

                                         **s/ Daniel D. Crabtree**
                                         **Daniel D. Crabtree**
                                         **United States District Judge**